**NOT FOR PUBLICATION**

**FILED**

**SEP 22 2025**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HESER OMAR ALVAREZ ESQUIVEL, | No. 24-2950 |
| Petitioner, | Agency No.  A204-564-284 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2025**
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

Petitioner Heser Omar Alvarez Esquivel petitions for review of a decision by

the Board of Immigration Appeals ("BIA") denying his motion to reopen his

immigration proceedings to allow him to apply for cancellation of removal under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

§ 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1). We dismiss the petition for lack of jurisdiction.

1. The BIA found Esquivel's two convictions for driving under the influence to be "dangerous and serious crime[s]" that "are unlikely" to "warrant[] a grant of cancellation of removal as a matter of *discretion*."[1] Because the BIA denied Esquivel's motion to reopen as a matter of discretion, we do not have jurisdiction to review it.[2] *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Lemus-Escobar v. Bondi*, 140 F.4th 1079, 1100 (9th Cir. 2025) ("In sum, we lack jurisdiction over a BIA's denial of reopening on the ground that it would deny cancellation of removal as a matter of discretion. We reiterate that we always retain jurisdiction to review constitutional claims and questions of law.").

2. Esquivel's remaining argument is that the BIA legally erred when it declined to sua sponte reopen his proceedings based on a fundamental change of law. We may review BIA "decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional

---

[1] Contrary to Esquivel's argument, the BIA's reference to *Matter of Castillo-Perez*, 27 I. & N. Dec. 664 (A.G. 2019), was part of its discretionary analysis, and not referenced to conclude that Esquivel is "statutorily ineligible" for cancellation of removal.

[2] Although we retain jurisdiction to review whether the BIA considered all the relevant evidence in making its decision, *Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019) (citing *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012)), the record here demonstrates that the BIA considered all relevant evidence.

error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). But if the BIA's decision was an exercise of discretion, we lack jurisdiction to review. *Id.* at 585–86. Here, the BIA declined to exercise its sua sponte authority as an exercise of discretion, and Esquivel does not raise any legal or constitutional error. We thus lack jurisdiction to review Esquivel's claim. *See Lona v. Barr*, 958 F.3d 1225, 1232–33 (9th Cir. 2020).

**PETITION DISMISSED.**